REUBEN CLARK, plaintiff in error *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Hamilton.*

A prisoner is entitled to a change of *venue*, whenever by petition verified by affidavit, he brings himself within the requisitions of the statute. The obligation of the judge to allow it, is imperative, and admits of the exercise of no discretion.

The value of the property burned, must be stated in an indictment for arson.

THIS action was tried at the March term, 1833, of the Hamilton Circuit Court, before the Hon. Thomas C. Browne.

The jury returned a verdict of guilty against Reuben Clark, the plaintiff in error, and the Court gave sentence that he should be imprisoned in the county jail, three weeks, pay a fine of $360 and the costs of the prosecution, and that he should be publicly whipped thirty-nine lashes on his bare back.

The errors assigned, are,

1. The refusal of the Court to grant a change of venue.
2. The refusal of the Court to quash the indictment.

WALTER B. SCATES, for the plaintiff in error, made the following points, and cited the annexed authorities:

1. The indictment does not charge the crime to have been committed with a *felonious intent.*

2. It does not state the value of the property burned.

3. There is error in the judgment of the Court in over-ruling the defendant's motion for a change of venue.

At common law the venue must be laid where the offence was committed. 1 Chit. C. L. 177, 178; 4 Blac. Com. 303.—And at common law the venue was matter of substance. 1 Chit. C. L. 177.—And so strict was the law in this respect, that where an offence was commenced in one county, and consummated in another, it could be tried in neither (except some crimes, as larceny in some cases). 1 Chit. C. L. 178; 4 Blac. Com. 303.

But this strictness has been remedied by statutes, so that the defendant may be tried where the death happened, or the guilt was contracted, or the offence consummated, or where the offender was apprehended, or in the adjacent county, or in any county. 1 Chit. C. L. 179, 180, 181, 182. But notwithstanding

this great strictness of the common law, the court possessed a dis-
cretionary power to change the venue when a fair and impartial
trial could not be had in the county.    1 Chit. C. L. 201, 327,
494, 495.    The courts at common law, possessed the like power
in civil cases.    1 Tidd's Pr. 548–9.    A *certiorari* lay at com-
mon law, to remove an indictment at any time before trial, which
was one mode of changing the venue.    1 Chit. C. L. 327, 371,
378.    4 Blac. Com. 320, 321.    See further as to venue, 2 John.
Dig. 276, 278.

Penal statutes must be construed strictly, and in favor of life
and liberty.    4 Blac. Com. 86, 89, and notes ; 4 Blac. Com. 373,
240 (note 10,) 375–6, 397, 401 ; 1 Chit. C. L. 218 ; Foster's C.
L. 78, 355–8.    1 Am. Dig. 269 ; 2 Am. Dig. 285, 495 ; 2 East.
C. L. 592–3, 614–15, 629 ; Stat. 10, 11. Wm. 642–3, 1099.

In capital cases, the defendant stands upon all his rights, and
cannot consent to his prejudice.    Breese 109.    Foster 126, 355–
6 ;—and by the Constitution of this State, an impartial trial by
jury is secured to every man.    § 9, Article 8.—See also Foster
C. L. 398.—And the statute providing the mode of changing the
venue is peremptory—that the court *shall* award a change, when
the application is made in the mode and for the causes set out in
the statute.(1)

There is error in the judgment of the Court in over-ruling the
defendant's motion to *quash,* and sustaining the indictment.

Arson is felony at the common law.    4 Blac. Com. 94, 221–2 ;
2 East C. L. 1015, 1021 ; and must be malicious.    4 Blac. Com.
222 ; 2 East C. L. 1019, 1033.

The criminal intention must accompany the act, and from the
intention alone, is it determinable whether the act be criminal or
innocent.    It is alone punishable, being the very gist of the
charge, and certain technical words *alone* express that intention
according to the different *degrees* of guilt, and they cannot be
supplied by any circumlocution or inference.    1 East C. L. 446–7.
As in burglary a mere breaking and entry, does not constitute
and complete the offence, but it is necessary to charge and prove
a *felonious intent;* and that charge is contained *alone* in the
words *burglariously* and *feloniously.*    1 Chit. C. L. 172, 242–3 ;
4 Blac. Com. 307, 338–9 ; Foster's C. L. 108 ; 2 East C. L. 513–
14, 778, 816, 1015, 1021, 1028–9, 1033.

The same doctrine applies to other felonies.

Not guilty puts in issue not only the *facts,* but the *intent* of
the party, and *feloniously* in felony is the *gist* of the charge.    4
Blac. Com. 338–9 ; Breese 197, 198, 199 ; 1 Chit. C. L. 471–2,
242, 245, 251*a.*

Felonies must be charged to be committed *feloniously;* but if
an act be charged to be committed *feloniously,* and it amount to

(1) R. L. 607; Gale's Stat. 682.

a trespass only, the indictment will be bad.  1 Chit. C. L. 172, 242, 245; 1 East C. L. 346; 4 Blac. Com. 307, 334.

If a statute create an offence, or changes a common law offence, or alters the punishment, to inflict the statutory punishment, its language must be pursued in describing the offence; and it must likewise possess the common law requisites in charging the *intent*.  1 Chit. C. L. 281, 276, 282, 218; 1 Hale P. C. 174; 4 Blac. Com. 208, 307, 338; Bac. Abr. *Indict.* G. 1; 1 East C. L. 346, 414, 412–15–20; 2 East C. L. 576–7, 706, 985, 1006–7; 1106–7, 116–7; Breese 197.

The same rules apply to indictments under statutes as at common law.  1 Chit. C. L. 275, *et seq.*

And all the precedents at common law and under statutes, support this doctrine.  4 Blac. Com. 307, 335, 338–9, 347, and appendix 2, 4; 1 East C. L. 346, 345, 414, 412, 415–20; 2 East C. L. 512, 513, 783, 979, 987, 1007, 1021, 1034; 1 Chit. C. L. 172, 242; Breese 197–9.

Acts derogatory to the common law, are construed strictly.  1 Blac. Com. 89.

Our statute has not repealed the common law in its technicality in charging the *intent* to determine the degree of guilt; but if at all, only in the description of the offence or acts that constitute it.  C. Code, § 58, 152; 1 East C. L. 412, 414–20; 2 East C. L. 577, 804–5, 1061–2.—and the defendant cannot be convicted of felony under this indictment, but only of a misdemeanor.  1 Chit. C. L. 637–8; 2 East C. L. 1030-31; R. L. C. Code, § 59;—for the indictment cannot be amended.  1 Chit. C. L. 279; 1 Stark. Ev. 252–3; 1 same, 250, A. E. note 1; R. L. 67, § 14.

All the rules (with that exception, &c.) that apply to civil pleadings, apply with greater strictness to criminal; and an indictment should be as clear, explicit, and certain as a declaration. 1 Saund. 250 *d. e.* note 1; 1 Stark. 252–255; 1 Chit. Pl. 216–257, 255; 4 Blac. Com. 306–7, and notes; 1 Chit. C. L. 169–175, 280–1; Breese 4.

The indictment is defective in not stating the value of the property, as, if the property be valueless, it would be no offence; the law requiring the Court to pronounce judgment of fine at least to the amount of the value of the property. R. L. 133, § 58; 2 East C. L. 778; 1 Stark. Ev. 252–55; 1 Chit. Pl. 216–37, 255; 4 Blac. Com. 306–7, and notes; 1 Chit. C. L. 169–175, 280–1; 1 Saund. 250, *d. e.* note 1; Breese 4.

Where several are indicted together, and the joint prosecution appears oppressive, the court may in its discretion *quash* the indictment.  1 Chit. C. L. 269;—for it does not deprive them of any right, not even of their full number of challenges. 1 Chit. C. L. 535; and if they refuse to join in their challenges, they must be tried separately; *ibidem;* Foster's C. L. 21, 106–7.

J. SEMPLE, Attorney General, for the defendants in error.

WILSON, Chief Justice, delivered the opinion of the Court:

The plaintiff in error was indicted with three others for the crime of *arson.* Upon the calling of the cause, he moved the Court for a change of venue. The motion was founded on an affidavit in the usnal form, and assigned for cause, that he could not receive a fair trial in the county in which the cause was pending, because of the prejudice of the minds of the inhabitants of said county against him. One of the other persons included in the same indictment, was arrested, but did not join in the motion for a change of venue. The motion was overruled by the Court. A motion was then made to quash the indictment, which was also overruled, and exceptions taken to the opinion of the Court on both the motions.

The decision of the Court on the first motion was clearly erroneous. The Constitution secures to every person charged with an indictable offence, a trial by jury, and in order that this trial may be a fair and impartial one, the law has given to the accused many privileges, and amongst these the right to a change of venue is in some instances the most important; and when, by petition, verified by affidavit, the accused brings himself within the requisitions of the statute, the obligation of the judge, or court, to allow it, is imperative, and admits of the exercise of no discretion on account of any supposed inconvenience that may result from the exercise of the privilege.

It is argued that if the venue should be changed on the application of one of several defendants indicted jointly, it would be difficult, if not impossible, to try the others, as the indictment would have to be sent to the adjoining county with the accused. It is unnecessary to enquire whether any, or what inconvenience may arise from a change of venue under such circumstances. Whatever it might be, can be avoided by preferring separate indictments against each. This practice I am aware, is unusual, but it is better upon every principle of justice, that it should be adopted, than that the State's Attorney should, by his own act, be permitted to withhold from a party an important privilege, which has been secured to him by the law, as one of the means of obtaining impartial justice.

The next enquiry is, whether the Court erred in overruling the motion to quash the indictment, and in afterwards rendering judgment upon the verdict of the jury.

The indictment does not allege the value of the building charged to have been burned. This would probably be unnecessary at common law, as a fine formed no part of the punishment for the offence. The statute, however, under which the indictment is found, has changed the common law in this respect; a

fine equal in value to the property burned, is imposed as part of the punishment for the offence. The indictment, then, should have charged the value of the property destroyed, otherwise it could not properly have been enquired into by the jury. It would form no part of the issue which they were sworn to try. In this respect, then, the indictment is defective; and the Court erred in overruling the motion to quash it, and in rendering judgment upon the verdict of the jury.

There are other exceptions taken to the sufficiency of the indictment, but it will be unnecessary to notice them, as, for the reasons already assigned, the judgment of the Court below must be reversed, and the prisoner ordered to be discharged.

*Judgment reversed,* and prisoner discharged.

*Note.* See Berry *v.* Wilkinson *et. al.,* decided Dec. term, 1834. *Post.*

The following act was passed Feb. 28th, 1839:

SEC. 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That, hereafter, changes of venue shall not be granted after the first term of the court at which the party applying might have been heard, unless the party so applying shall show that the causes for which the change is asked, have arisen, or come to his, her or their knowledge, subsequent to the term at which the application might have been made; and shall also have given to the opposite party ten days' previous notice of his or their intention to make such application, except in cases where the causes have arisen or come to the knowledge of the party making the application within less than ten days of making the same.

SEC. 2. In civil causes wherein there are two or more plaintiffs or defendants, a change of venue shall not be granted unless the application is made by or with the consent of all the parties, plaintiffs or defendants, as the case may be; and in criminal cases, where this application is made by a part of the defendants, and is granted, a copy of the indictment, and not the original, shall be transmitted to the court to which the change of venue is ordered; and the copy, certified by the clerk to be correctly made, shall stand as the original.

SEC. 3. All questions concerning the regularity of proceeding in obtaining changes of venue, and the right of the court to which the change is made to try the cause and execute the judgment, shall be considered as waived after trial and verdict.