## WRIGHT V. STEVENS.

Notice for a change of venue was given on the second day of the second term after suit, without stating in the notice or petition any reason for the delay ; held that this did not amount to reasonable notice as required by statute.

In an action of right against an occupying claimant, he will not be liable for any damages, if it appear at the trial that the defendant had made, or even purchased valuable improvements on the land.

ERROR *to Lee District Court.*

*Opinion by* KINNEY, J. Action of right brought by Stevens against Wright. Judgment in the court below for Stevens. Wright sued out a writ of error and the ruling of the court is assigned for error. It appears from the record that the defendant Wright applied for a change of venue which application the court refused. This was excepted to and is relied upon as a reason why the judgment should be reversed. We think the court were right in overruling the motion. Rev. Stat. 639, § 2, provides that any party to a suit may present to the court, or judge thereof in vacation, a petiton, to which an affidavit shall be appended setting forth the cause for his application for a change of venue. § 3, provides that if reasonable notice shall have been given to the adverse party or his attorney of the time and place of such intended application for a change of venue, the court or judge thereof in vacation shall hear the case and if the application be in accordance with the provisions of the act, a change of venue shall be awarded, &c.

The question presented here is, did the adverse party in the case have such reasonable notice of the application as he was entitled to under the statute.

The case was commenced in March, 1849, and had been continued one term of the court, when the application was made. At the November term, the defendant served a

notice, that he would apply for a change of venue. This notice was served on the 2d day of the term, that his application would be made on the day following. Service was acknowledged at two o'clock P. M., of the day of service. The defendant filed his petition for a change of venue on the 8th day of the term. On the 9th day defendants counsel called up his application. The counsel for plaintiff objected on the ground that he had not had the requisite notice. The following day the cause was called for trial, and defendant's counsel asked for a change of venue which the court overruled, and the cause was ordered for trial. The party in this case did not bring his application at all within the provisions of the statute. If the facts upon which his application was based existed at the first term, and were known to him, his application should have been made at that term. If they had come to his knowledge since the first term, or did not exist at that time, that should have been stated as an excuse for not having previously made the application. It is clearly the intention of the statute, that these applications shall be made as soon as the petition and affidavit can be filed ; hence it may be made in vacation. The object of this undoubtedly is to save and prevent the trouble and expense of a preparation for trial. It would be manifestly unjust to permit the case to slumber a term in court, and for the party intending to take the change, to withhold his motion until the adverse party has come prepared for trial—his witnesses in court, with the fullest confidence and expectation that the case would be tried in its regular order, and then about the time it was called for trial for the case to be transferred by change of venue ; when the party could just as well have made the application before this preparation and expense had been incurred. The reasonable notice required by the statute was intended to prevent this surprise, and save this inconvenience and expense. We will not pretend to lay down any general rule defining what shall constitute reasonable notice. This must depend upon the

Wright *v.* Stevens.

circumstances of each particular case, and then be left to a great extent to the sound legal discretion of the judge. But we will not hesitate to say that in this case the notice was unreasonable and insufficient.

We will now proceed to the next and only remaining question. In relation to occupying claimants in an action of right, the statute provides, " that no defendant in the above named actions shall be liable for any damages to the plaintiff, nor in any action for mesne profits or damages for use and occupation, if it shall appear at the trial of said cause that said defendant or defendants has or have made valuable improvements on said tract or tracts of land the possession of which is sought to be recovered by the plaintiff or the plaintiffs."

A majority of the court are of the opinion that all valuable improvements whether made by the defendants or purchased by him may be set off, against the use and occupation in an action of right. We have before decided that a judgment cannot be obtained in this action against the plaintiff for the value of the improvements if they exceed the rents and profits. But to place a construction upon the statute by which the defendant would be restricted to the improvement actually made by him, would in our opinion defeat the object of the legislature, in extending this relief to occupying claimants. This is an equitable statute. It is entitled to such a construction as will make it effective and subservient to the object of its equitable provisions. Its object is to prevent a recovery for damages for use and occupation against the occupant, when valuable improvements have been made on the land. These improvements the owner obtains and the legislature here said that they shall be in lieu of his damages for use and occupation. They belong to the soil. They enhance its value, and they are the property of him who has the title. As far then as he is concerned, it matters not whether they were placed there by the man in possession or some prior tenant. They

are his and the legislature have virtually declared that they shall be in full satisfaction of damages for use and occupation. They have done this upon the ground no doubt that by the improvements the land is rendered more desirable and valuable. The prior tenant has no claim upon the owner for any improvements he has put upon the soil ; that is if he has made them without an express or implied contract to pay for them. If he were sued for rents and profits, he could not set off the improvements, for he is not in possession. They can only bar the recovery for damages by being pleaded by the man in possession. By giving the statute the literal and illiberal construction contended for by counsel for the defendant in error, the case would stand thus : A. sues B. in an action of right. B. has purchased the possession and the improvements of C., for which he has paid one thousand dollars. The improvements are valuable and permanent. B. has been in possession one year ; worth to him one hundred dollars. C. has no claim upon A. for these improvements and in a suit for that purpose could not recover a dollar ; neither could he set them up in a suit against him, if A. should sue him for damages for use and occupation. Yet B. is not permitted to set off these improvements which have cost him one thousand dollars and which are actually worth that to the owner of the land against the use and occupation for one year. We cannot give to a statute intended to be equitable, so perverted and manifestly unjust a construction. If the improvements are valuable the defendant is not liable for damages for use and occupation, no matter by whom made. In this case it does not appear whether the improvements were or were not valuable ; the record is silent upon that point. This point however is not raised in the argument, as we presume counsel desired a construction of this statute and consequently did not rely upon this position. We have therefore met the question as it was argued upon its merits. We will only add, that improvements in order

to exempt the defendant from damages must be of a valuable character. The court therefore erred in refusing to instruct the jury that the defendant might set off the improvements whether made or purchased by him.

*Geo. C. Dixon* and *J. C. Hall*, for plaintiff in error.

*L. R. Reeves*, for defendant.