## OSBORN VS. STATE.

The 134th *sec., chap.* 52, *Gould's Dig.*, providing that the judge of the circuit court may remove a criminal cause to another county, is in violation of sec. 11, art. 2, of the constitution, which declares that in prosecutions by indictment or presentment, the accused has a right to a speedy public trial by an impartial jury of the county or district in which the crime may have been committed, and is therefore void.

The counsel of a defendant indicted for a capital offence cannot, in the absence of the defendant, waive further time as to notice of copy of the indictment, or waive the presence of the accused when the venire is ordered. The counsel of the defendant cannot, in his absence, waive any of his legal and constitutional rights.

*Appeal from Pulaski Circuit Court.*

Hon. LIBERTY BARTLETT, Circurt Judge.

SMITH and GALLAGHER & NEWTON, for appellant.

The first point we submit to the court is whether or not, in view of section 11, of the bill of rights, a change of venue in a felony case *can* be ordered on the motion of the court, without the application or consent of the accused ; and we submit the point for the consideration of the court. The right provided for in the section of the bill of rights above referred to has been considered of sufficient importance to be guaranteed to the citizen by both the constitution of the United States and that of the state. Is the showing made by the record in this case sufficient to deprive the prisoner of this right even though purporting to be for his benefit ?

The record shows that the accused was arraigned without being served with a copy of the indictment for the time prescribed by law. The waiver by defendant's counsel, without the personal presence of the accused, was certianly not sufficient, nor was the

error cured by the counsel's waiver of the prisoner's presence. That the appellant ought to have been personally present during these proceedings cannot be doubted. *Sweeden vs. The State*, 19 *Ark.*, 209, abundantly settles that point; and if his counsel could waive his presence then, he could also waive it at final trial.

[Argued at length on the instructions.]

Mr. Attorney General JORDAN for the state.

That the court below had the right to change the venue in this case. See *sec.* 134, *chap.* 52, *Gould's Dig.*, 412. As to the sufficiency of the order, *Pleasant vs. The State*, 16 *Ark.*, 624.

Mr. Justice CLENDENIN delivered the opinion of the court.

George Osborn, the appellant, was indicted at the March term, 1856, of the circuit court of Saline county for the crime of murder. At the September term of the same court, he was arraigned, and standing mute a plea of not guilty was directed to be entered for him. He was tried at that term, and found guilty of murder in the second degree, and his punishment assessed by the jury at five years in the penitentiary. His counsel moved for a new trial, which was granted, and thereupon the court, of its own motion changed the venue of said trial from the county of Saline to the county of Pulaski. At the adjourned September term of Pulaski circuit court, the defendant was again put upon his trial, and the jury again found him guilty of murder in the second degree, and assessed his punishment at five years in the penitentiary, and thereupon his counsel moved for a new trial, and in arrest of judgment, which motion being overruled, the defendant excepted and having filed his bill of exceptions, prayed an appeal to this court, which was granted, and the record of this case from its inception in Saline county is thus before us.

The first three assignments of error are general. The fourth is that " the circuit court erred in changing the venue from Saline county when the appellant was not personally present;" and the

fifth is that " the said record and proceedings are in other respects erroneous and defective."

These assignments bring the case before us, and we propose disposing of the points as they are presented to us by the record, and by the argument of counsel.

The first point then made is, as to the action of the circuit court in changing the venue of this trial from the county of Saline to the county of Pulaski. It is insisted by the counsel of the appellant that the circuit court was not authorized by law to change the venue unless upon the application of the defendant.

To explain and decide the point thus made, it will be necessary for us to give the action of the circuit court, as shown by the record, the section of the statutes of this state under which the court acted, and the provision of the constitution in which the rights of the defendant in this respect are asserted.

Immediately following the order made in Saline county granting a new trial, (and in which orderthe defendant is not shown to be present,) and as part of that order, we find the following entry : " Whereupon the court being satisfied from facts within the knowledge of his honor, the judge here presiding, that another trial of this cause could not be had within the county of Saline, with justice to the said defendant, it is ordered by the court that this trial cause be removed to the circuit court of Pulaski county in this circuit, for trial, and that the clerk of this court do, accordingly, transmit to the clerk of said circuit court of Pulaski county a full transcript duly certified of the record and proceedings of this court in this cause, and it is further ordered by the court that the sheriff of Saline county do remove the body of the said George Osborn to the jail of the county of Pulaski, to which said county this cause is removed on change of venue as aforesaid, and there deliver him to the keeper of said jail, together with the warrant or process, or other authority, by virtue of which the said defendant is imprisoned and held."

The provisions of the statute of this state, under which change

of venue is granted in criminal cases, are as follows : (*Digest, chapter* 152.)

"Sec. 132. Any criminal cause pending in any circuit court, may be removed by the order of such court, or by the judge thereof in vacation, to the circuit court of another county, whenever it shall appear, in the manner hereinafter provided, that the minds of the inhabitants of the county in which the cause is pending, are so prejudiced against the defendant that a fair and impartial trial cannot be had therein.

"Sec. 133. Such order of removal shall be made on the application of the defendant, by petition setting forth the facts, verified by affidavit, if reasonable notice of the application be given to the attorney for the state, and the truth of the allegations in such petition be supported by the affidavit of some credible person.

"Sec. 134. Whenever it shall be within the knowlegde of the court or judge, that facts exist which would entitle the defendant to the removal of any criminal cause on his application, such court or judge may make an order for such removal, without any application by the party for that purpose."

In the 11th section of the 2d article of the constitution of this state, under the title " declaration of rights," it is declared : " That in all criminal prosecutions, the accused hath a right to be heard by himself and counsel ; to demand the nature and cause of the accusation against him, and to have a copy thereof, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor ; and in prosecutions by indict- ment or presentment, a speedy public trial by an impartial jury of the county or district in which the crime may have been committed ; and shall not be compelled to give evidence against himself."

We have thus before us the order of the court, the law of the state, by virtue of which the order was made, and the section of the constitution as to the rights of the defendant ; and the question is presented whether the 134th section gave to the circuit court authority to change the place of trial in this case.

We find by reference to the 6th article of the amendments to the constitution of the United States, substantially, the same declaration that we find in the section of our constitution, which we have copied. By the history of the constitution of the United States we are informed that the bill of rights was not made a part of that great instrument, by the wise and good men who perfected it, because, as they asserted, the constitution itself was a declaration of the rights of freemen ; but many objections being made, the declaration of rights was made part of the constitution by the amendment ; and it is now substantially a part of the constitutions of most if not all the states of the union. In some of the states (New York and California—which we have examined,) the clause under consideration—the right to be " tried in the county or district"—is not enumerated. It was that jealous spirit in behalf of the liberty and the rights of the people, that induced the early framers of our government to make that plain and explicit in the organic law, which otherwise might be doubtful, or left to different or adverse construction, and therefore they declared that a person charged with crime shall have, among other rights, the right to " a speedy public trial by an impartial jury of the county or district in which the crime may have been committed." This was a constitutional right of this defendant. Has it been granted to him ? We think not. He is charged with the commission of a crime in the county of Saline, and without waiving his right by applying to the court for a change of venue, without being even in court when the order is made, we find by the record the case transferred for trial to the county of Pulaski, and the defendant there tried and convicted. This proceeding is, we believe, without precedent, and in our opinion without authority of law, and that the circuit court had no legal authority to change the place of trial of the defendant from the county of Saline to the county of Pulaski, and that therefore all the proceedings in this case in the county of Pulaski are void.

In this connection, and as showing the views heretofore held by this court, in regard to the efficacy of the bill of rights, we

refer to the case of *Eason vs. The State*, 11 *Ark.*, 482, and to the able opinion of Mr. Justice SCOTT, in which he gives the following definition of the bill of rights.   After reviewing the bill of rights, its office and its history, he says:  "Hence the correct definition of a bill of rights would seem to be, an instrument, which fixes limitations, as well upon the powers of the civil magistrate as upon the legislative department of the government, while at the same time it secures the civil and political rights and liberty of the citizen."

It is further objected by the counsel of the appellant, that previous to his trial in Saline county, he was arraigned without having been served with a copy of the indictment for the time prescribed by law.   The record entry in respect to this point is as follows:  "And on this day comes R. H. Deadman, who prosecutes for the state, and on his motion, it is ordered that a venire issue for thirty-eight good and lawful men of the county of Saline, returnable at 9 o'clock, A. M., Thursday next; and said defendant's counsel waiving further time as to notice or copy of indictment, and also waived the presence of the defendant in court when said venire is ordered ; and on the further motion of the prosecuting attorney, the defendant is brought into court and arraigned by having the indictment read to him, and said defendant stands mute, and by order of the court a plea of not guilty is entered herein."   By *section* 122, *chap.* 52, *Digest*, it is prescribed that, "It shall be the duty of the clerk of the court, in which an indictment against any person, for a capital offence, may be pending, whenever the defendant shall be in custody, to make out a copy of such indictment and cause the same to be delivered to the defendant or his counsel, at least forty-eight hours before he shall be arraigned on such indictment, but the defendant may, at his request, be arraigned and tried at any time after the service of such copy."   It appears affirmatively, by the record, that the defendant was not in court when his counsel waived "further time as to notice and copy of the indictment, and also waived the presence of defendant in court when the

venire was ordered." The counsel of the defendant cannot, in his absence, waive any of his legal and constitutional rights.

Our statute provides as follows: " No indictment for a telony shall be tried, unless the defendant be personally present during the trial; nor shall any person indicted for an offence less than felony, be tried, unless he be present at the trial either personally or by his counsel." *Digest, sec.* 164, *chap.* 52. And this court, in construing this statute, on a point similar to the one we are now considering, say: " We have said that it was absolutely necessary that the defendant should have been present " during the trial " in the court below. The phrase, "during the trial," used in the section of the law we have quoted, means that it is necessary that the defendant should be present in court, at each and every time, and on all occasions, at which, and when any substantive step is taken by the court in his cause, after the indictment is presented by the grand jury to the court, up to, and until final judgment (including that also,) is pronounced in his cause by the court, and even afterwards, if any subsequent step should be taken by his counsel." *Sweeden vs. The State,* 19 *Ark.,* 209: and see also *Sneed vs. The State,* 5 *Ark.,* 431, and *Cole vs. The State,* 10 *Ark.,* (5 *English,*) 318.

Referring to the transcript, we find that the defendant was not present when the time for the service of a copy of the indictment was waived, nor was he present when the order for a venire was granted on the motion of the attorney for the state; and therefore he was not legally put upon his arraignment, and that it was error in the court to proceed with the trial, until he was so legally arraigned.

This error we find, by inspection of the record, continues not only in the trial of this cause in Saline county, but also in the trial in Pulaski county, and even if the case had been legally transferred to Pulaski, it would be a fatal defect and error there.

These two objections thus taken (and which occurred while the case was in Saline circuit court) being sustained, we deem it improper to review the case upon its merits, and decide upon the

other points assigned for error, as we cannot do so without reviewing the testimony and instructions; and as this case will have to be tried again, we might possibly in some way influence that trial, and we therefore refrain from doing so.

For the reasons given in this opinion, and in the record there referred to, this case must be reversed with directions to the circuit court to remand the appellant, George Osborn, to Saline county, and there to cause him to be legally arraigned, and then to proceed with the case in accordance with law and this opinion.