Wheeler vs. The State.

### WHEELER VS. THE STATE.

*Right of trial in county where offense committed—Section 6, ch. 178, R. S. invalid.—Waiver.*

1. The defendant, in a criminal action in a court in this state, is entitled to a trial *in the county* where the offense was committed; and the provision of ch. 178, R. S., for a change of venue in such cases on the motion of the district attorney, is invalid.
2. After a change of venue in a criminal action, on a motion of the district attorney, the accused obtained a further change on the ground of prejudice in the judge; and was afterward convicted. *Held*, that she had not waived her right to a trial in the county where the offense was committed, and the proceedings were void.
3. The cause and the accused will, in such a case, be remanded to the proper county for trial.

ERROR to the Circuit Court for *La Crosse* County.
*S. U. Pinney*, for plaintiff in error.
*The Attorney General*, for the state.

PAINE, J.   The plaintiff in error was indicted in the county of Pepin for a murder alleged to have been committed in that county.   On motion of the district attorney, made upon his affidavit stating his belief that an impartial trial could not be had in that county, by reason of its being a small county, and the case having been notorious, and having occasioned much excitement, the venue was changed to Dunn county, in pursuance of section 6, chapter 178, R. S. 1858.   It appears from the record that this was done against the objection of the prisoner.

The venue was afterward changed on her motion, on an affidavit alleging prejudice of the judge, from Dunn county to La Crosse, where she was tried, convicted and sentenced.

Changing the venue from Pepin county, on motion of the prosecutor, and against her objection, was error.

Section 7 of article 1 of the constitution secures to every accused person, on the trial of an indictment, "a trial by an impartial jury of the county or district wherein the offense shall have been committed, which county or district shall have been previously ascertained by law." It is unnecessary here to consider what was the object, or what is the effect, of the word "district," as used in this provision. There is a provision somewhat similar in article 6 of the amendments to the constitution of the United States, entitling the accused to a trial "by an impartial jury of the state *and* district wherein the crime shall have been committed, which district shall have been previously ascertained by law," etc. That amendment was proposed by the first congress in 1789, and the word "district" undoubtedly referred to the judicial districts into which the country was divided by the judiciary act passed by the same congress, and to such as might thereafter be organized. It will be seen by reference to that act, that in some states there were two districts. And that word was probably inserted with the copulative conjunction, so as to prevent the party, in such cases, from being taken out of the district for trial. But it would seem to have been copied into our constitution, without being precisely applicable to any organized division under our constitution or laws. It is true, we have school districts, and senatorial and assembly districts. But, of course, it would not be claimed that it had any reference to either of them. And, whether it can have any effect or application under the present order of things in this state, or under any that may hereafter be established by law, may be uncertain.

But it is certain that there is no existing division known as a district, which was previously ascertained by law, and including Pepin county, where this offense was committed, which can create any doubt or question about the right of the prisoner to be tried in that county, which was previously ascertained by law. The statute pur-

porting to authorize a change of venue on the motion of the prosecutor, against the objection of the accused, is in conflict with the constitution, and void.

It follows that the circuit court of Dunn county acquired no jurisdiction, and all proceedings in the case subsequent to the removal from Pepin county, were unauthorized and void. And the prisoner, whose appearance was compulsory, cannot be held to have waived her rights by any steps taken by her after the removal, for the purpose of defending herself as far as she might be able.

The judgment must therefore be reversed, with directions to the circuit court to remand the case and the plaintiff in error back to Pepin county for trial. This was the practice adopted by the supreme court of Arkansas upon a similar state of facts, in *Osborn v. The State*, 24 Ark. 629, and we think it correct.

*By the Court.*—Ordered accordingly.