# BRISTOL COUNTY.

WILLIAM R. TAYLOR, Receiver, *vs.* JOSEPH L. GARDINER.

An act authorizing a change of the venue to secure an impartial trial and to avoid local prejudice, is not in violation of art. 1, § 15, of the Constitution of the state, which declares, "The right of trial by jury shall remain inviolate." This provision of the Constitution not meaning " trial by jury of the vicinage or county."

Under the statutes of Rhode Island the trial by jury, except in actions relating to realty and in criminal prosecutions, is not confined to the vicinage.

A statute provided, that " whenever it shall be made to appear to the satisfaction of the Supreme Court, by either party to a suit or proceeding, civil or criminal, pending therein, that by reason of local prejudice, or other cause, the parties to such suit or proceeding, or either of them, cannot have a full, fair, and impartial trial in the county where the

same shall have been commenced or shall be pending, the court shall order such cause to be removed for trial to such other county as shall be deemed most fair and equitable for the parties.

In a petition for change of venue under this act: —

*Held*, that it was sufficient for the petition to allege that " by reason of local prejudice and the feeling entertained by the people of said county, the petitioner cannot have a full, fair, and impartial trial in said county," without setting forth the particular facts going to show the existence of the prejudice or feeling complained of.

*Held*, further, that proofs of such prejudice being naturally vague, great positiveness or definiteness in them could not be required.

PLAINTIFF's petition for a change of venue.

*Providence, July* 24, 1875. DURFEE, C. J. We think the allegations of the petition are sustained by the proofs, and that the petition, unless open to the objections made by the respondent, ought to be granted. It is true the testimony is in some respects vague and indefinite, but that was to be expected. The petitioners were called upon to prove the existence of a local prejudice, a thing which is impalpable to the senses. The proofs of such a thing are naturally vague. Men moving in a community where the prejudice prevails become perfectly assured of its prevalence, yet, when inquired of, cannot tell, except in the most general way, how they are assured of it. To require the same positiveness in proof of such a matter which we might properly require in proof of a contract or a crime, would make the act under which the petition is preferred of little practical benefit. The power conferred by the act, though not lightly to be exercised, ought not to be unreasonably restricted.

There are, however, besides the more general testimony, certain specific facts which deserve mention. The action is in behalf of a broken or insolvent bank. It is one of a series of actions, one of which has already been tried. The trial lasted many days, during which the court-house was crowded with interested spectators. The trial and its incidents were much discussed, with comments generally unfavorable to the bank and its officers. The county is small, and Blackstone mentions narrowness of the county as a ground for change. These are facts which, if they do not indicate prejudice or undue feeling, make it more easy to believe that prejudice or undue feeling may exist. We are persuaded by the testimony that such a prejudice or feeling does exist.

There are two objections made by the respondent besides the

objection that the proof is insufficient. The first is an objection to the form of the petition. The petition alleges that " by reason of local prejudice and the feeling entertained by the people of said county (*i. e.* Bristol County), he (*i. e.* the petitioner) cannot have a full, fair, and impartial trial in said county." The objection is that the petition should set forth the particular facts going to show the existence of the prejudice or feeling complained of. We do not think the objection is valid. The fact that the petitioner cannot, by reason of local prejudice, have a fair trial in Bristol County, is the fact to be proved; and it is enough that the petition alleges the fact to be proved without stating in detail the evidence to be given, or the particular facts to be shown in proof of it.

The second objection is an objection to the constitutionality of the act. The first section of the act is as follows (Public Laws, cap. 292, § 1, March 27, 1873): " Whenever it shall be made to appear to the satisfaction of the Supreme Court by either party to a suit or proceeding, civil or criminal, pending therein, that by reason of local prejudice, or other cause, the parties to such suit or proceeding, or either of them, cannot have a full, fair, and impartial trial in the county where the same shall have been commenced or shall be pending, the court shall order such cause to be removed for trial to such other county as shall be deemed most fair and equitable for the parties."

The act, it is urged, is repugnant to art. 1, § 15, of the Constitution, which declares, " The right of trial by jury shall remain inviolate." Trial by jury, it is said, means a trial by a jury of the vicinage, — the vicinage in this state being the county. The idea is, that because the action was commenced in Bristol County, because the cause of action there originated and the parties there reside, the respondent has the right under the Constitution to have it tried by a jury of that county, and that, if it can be removed at all without his consent, it can only be removed by the special act of the General Assembly. The idea is, in our opinion, erroneous. Juries were originally selected from the vicinage, because being so selected they were more likely to know about the matter for trial. That reason no longer operates. The principal reason for trial in the vicinage now is the convenience of parties and witnesses. Trials in this state are not

confined to the vicinage, except in actions relating to real estate or in criminal prosecutions. This could hardly be so, if the right of trial in the vicinage were as sacred as the respondent contends. The law in England has long permitted the plaintiff in transitory actions to select a venue different from the true venue for the trial of his case, subject to change by the court in the interests of justice. "And the court," says Blackstone, "will sometime remove the venue from the proper jurisdiction (especially of a narrow and limited kind), upon a suggestion, duly supported, that a fair and impartial trial cannot be had therein." 3 Bl. Comm. 294, citing Strange Rep. 874. And see *Mylock* v. *Saladine*, 1 W. Bla. 480 ; also in 3 Burr. 1564. He regrets the want of a similar power in local actions. 3 Bl. Comm. 383. The same power has been recognized in this country. *Cocheco R. R.* v. *Farrington*, 26 N. H. 428 ; *Bell* v. *Morris Canal, &c.* 3 N. J. Law, 63 ; *Messenger* v. *Holmes*, 12 Wend. 203. Several states have acts like the act under which this petition is preferred. There are such acts in Kentucky: *Owens* v. *Owens*, Hard. 154 ; in Illinois: *Clark* v. *The People*, 2 Ill. 117 ; in Iowa: *Wright* v. *Stevens*, 3 Greene, 63 ; in Indiana: *Jefferson, &c. R. R. Co.* v. *Avery*, 31 Ind. 277 ; in Wisconsin: *Hungerford* v. *Cushing*, 2 Wis. 397 ; and in Ohio: *Bank of Cleveland* v. *Ward et als.* 11 Ohio, 128. In New York the venue is changed when a fair trial could not otherwise be had, even in criminal cases. *The People* v. *Webb*, 1 Hill N. Y. 179 ; *People* v. *Baker*, 3 Park. Cr. 181 ; *People* v. *Long Island R. R. Co.* 4 Park. Cr. 602. In Massachusetts, when a homicidal wound is inflicted in one county and death ensues in another, it is held that the indictment and trial may be had in the latter county, and that a statute authorizing this is not unconstitutional. *Commonwealth* v. *Barker et al.* 2 Pick. 550. These cases go to show that trial in the vicinage, especially if the action, like the action in the case at bar, is transitory, is not an essential incident to the right of trial by jury. Indeed, the one requisite of a judicial trial, paramount to all others, is impartiality or freedom from prejudice, and if this cannot be found in the proper county it should be sought elsewhere.

In some states, trial in the vicinage is expressly secured in criminal cases by the Constitution. Of course, in those states

there can be no change of venue in criminal cases. *Kirk* v. *The State*, 1 Cold. 344; *Wheeler* v. *The State*, 24 Wis. 52; *Osborn* v. *The State*, 24 Ark. 629.

The right of trial in the vicinage was much debated in the case of *The State* v. *Thomas W. Dorr.* Dorr was indicted and tried in Newport County, instead of Providence County, under an act authorizing indictments for certain offences in a county other than that in which the offences were committed. The act however was passed previous to the adoption of the Constitution. Its validity was sustained by this court.[1]

Our conclusion is that the act, in its application to the case at bar, is not unconstitutional. We shall therefore grant the petition and order a removal of the action to the County of Providence. *Petition granted.*

*Charles Bradley & John Turner*, for plaintiff petitioner.
*Joseph M. Blake & Abraham Payne*, for defendant.

---

[1] NOTE BY THE CHIEF JUSTICE. — The same matter was earlier considered in the case of *The State* v. *Joseph Joslin.* Joslin was indicted in Newport County for treason committed in Providence County. He pleaded to the jurisdiction, claiming that the court had no jurisdiction to try the indictment in Newport County, unless removed by the court for good cause from Providence County. The opinion of the court, drawn up by the late Chief Justice Durfee, is on file with the papers in the cause against Dorr. The state, argues the court, was originally a colony without counties; the division into counties was the act of the legislature; when, therefore, the legislature authorized an indictment in any county, without regard to the county where the offence was committed, it did nothing more than modify laws which it had previously enacted. The opinion further holds that a right of trial in the vicinage is not, at common law and under Magna Charta, an inseparable incident of the right of trial by jury. The plea to the jurisdiction was disallowed.